UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Stephen Brent Caldwell & | ) | Case No. 06-05189-TOM-7 |
| Courtney Doyle Caldwell, | ) | |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| GLS Supply, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 07-00048 |
| | ) | |
| Stephen Brent Caldwell, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

This matter came before the Court for hearing on May 7, 2007 on the Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") (doc. no. 5) filed by the Defendants. Appearing at the hearing were Thomas J. Huseman, counsel for the Defendants, and Benjamin Shaw Goldman, counsel for the Plaintiff. Following the hearing, as requested by the Court, the Plaintiff submitted Citations in Opposition to the Motion to Dismiss (doc. no. 10) and the Defendants submitted a Response to Citations in Opposition to Motion to Dismiss (doc. no. 11). This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28

1

U.S.C. § 157(b)(2). The Court has considered the pleadings and the law and finds and concludes as follows[1].

## A. FINDINGS OF FACT[2]

On February 15, 2006, prior to the bankruptcy case, the Plaintiff entered into a contract with Billy Huff Plumbing and Gas, LLC ("Billy Huff") pursuant to which the Plaintiff extended credit to Billy Huff. Stephen Brent Caldwell is listed as the president of Billy Huff and Courtney Doyle Caldwell is listed as the vice president on the contract and both are the only "members" of the company listed on the Office of the Secretary of State's corporate records. In connection with the extension of credit, Stephen Brent Caldwell, individually, executed a guaranty. The parties defaulted and the Plaintiff filed suit against Billy Huff and Stephen Brent Caldwell in the Circuit Court of Jefferson County, Alabama, CV-2006-006550-00 (the "State Court Action").

On December 21, 2006, Stephen Brent Caldwell and Courtney Doyle Caldwell (the "Debtors") filed for chapter 7 protection. The petition lists Billy Huff Plumbing & Gas, LLC as a d/b/a, and Advanced Rooter, Inc. and BCN Services, Inc., each as an f/d/b/a. The Plaintiff was listed as an unsecured creditor on Schedule F with a claim of $112,102.81. On the petition date, the clerk's office mailed a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice") (doc. no. 10[3]), Form B9A, to all of the Debtors' creditors, including

---

[1]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.

[2]The findings of fact are taken from the pleadings in the bankruptcy case, the adversary proceeding and other public records generally available.

[3]References to pleadings in the main bankruptcy case are referred to as "doc. no.", references to pleadings in the adversary proceeding are referred to as "adv. proc. doc. no."

2

Plaintiff, Plaintiff's counsel and the Clerk of the Court of Jefferson County, AL. The Notice set March 19, 2007 as the deadline to object to discharge of a debtor or to determine the dischargeability of a debt.

On December 22, 2006, the Debtors filed a suggestion of stay (doc. no. 7) with respect to the pending State Court Action. On March 19, 2007, the Plaintiff filed the Complaint and paid the filing fee in the main bankruptcy case (doc. no. 50) at 5:36 PM CST. The attached certificate of service shows that the Complaint was served on the Debtors and Debtors' counsel, via first class mail, that same day. The next morning, on March 20, 2007 at 8:23 AM CST, the clerk's office issued a notice of incorrect event directing Plaintiff's counsel to file the Complaint as a separate adversary proceeding and not in the main bankruptcy case (doc. no. 51).

On March 21, 2007, after the deadline set forth in the Notice had expired, Plaintiff's counsel complied with the clerk's office notice of entry of incorrect event and instituted this adversary proceeding with the filing of the Complaint (adv. proc. doc. no. 1) against the Debtors. On April 18, 2007, the Defendants filed an Answer (doc. no. 4) and this Motion to Dismiss.

To date, no discharge has been entered in the main bankruptcy case pending the outcome of this adversary proceeding.

CONCLUSIONS OF LAW

In the Motion to Dismiss, the Debtors argue that the Complaint was not timely filed. Pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, in a chapter 7 liquidation, "a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The first meeting of creditors was set for January 18, 2007, sixty days later results in a deadline

3

to object to discharge of March 19, 2007. The Complaint was not filed as a separate adversary proceeding until March 21, 2007, after the deadline to object to discharge had expired.

The time period in which to object to discharge can be extended for cause on motion of any party in interest. FED. R. BANKR. P. 4004(b). The motion seeking an extension, however, "shall be filed before the time has expired." Id. No motion to extend the deadline for objecting to discharge was filed in this case. At least one other court has treated an improperly, though timely, filed "objection" in a main bankruptcy case as motion to extend the time for objecting to discharge in allowing the "objection" to be filed properly as a separate adversary proceeding. In re Sherf, 135 B.R. 810 (Bankr. S.D. Tex. 1991). Because, as discussed below, this Court finds that the relation back doctrine applies to the otherwise untimely commencement of the adversary proceeding, the Court need not address whether the original complaint filed in the main bankruptcy case should be treated as a motion to extend the deadline to object to discharge.

The Plaintiff argues that the procedural defect in instituting the adversary proceeding does not render the Complaint untimely. In support of its' position, the Plaintiff relies on In re Sherf, 135 B.R. 810 (Bankr. S.D. Tex. 1991). In Sherf, a creditor filed a timely "objection" to discharge in the main bankruptcy case more than a month before the deadline to object. Id. The clerk's office informed the creditor that it needed to file a "complaint" not merely an "objection." Id. Thereafter, the creditor filed a pleading styled as a "complaint", approximately three weeks before the deadline to object, in the main bankruptcy case and served a copy on the debtors and their attorney. Id. After the deadline to object passed, the clerk's office again contacted the creditor and informed the creditor that the complaint was improperly filed because it had not been filed under a separate cause number as an adversary proceeding and because no

4

filing fee was paid.  Id.  The court found that the original complaint put the debtors on notice that the creditor objected to discharge, as well as the basis for the objection, and therefore the complaint would relate back to filing date of the "objection."  Id.

In determining when an untimely adversary proceeding relates back to a timely filed contested matter, the Ninth Circuit Bankruptcy Appellate Panel set forth a two-part test that requires the court to consider, first, if the initial document provided the debtor with fair notice of the creditor's claims and grounds and, second, to consider if the claims in the new pleading, the adversary proceeding complaint, arise from the same conduct as the claims made in the initial document?  Gschwend v. Markus (In re Markus), 268 B.R. 556 (9th Cir. BAP 2001), rev'd on other grounds, 313 F.3d 1146.

In this adversary proceeding, the Debtors were aware, by the filing deadline, that the Creditor objected to discharge based on the complaint filed in the main bankruptcy case, which was served on the Debtors' and Debtors' counsel that same day.  Further, pre-petition, the parties were involved in state court litigation that forms the basis of the Complaint, the debt was scheduled by the Debtors, and the Debtors filed a suggestion of stay in the State Court Action.  The only "defect" was the filing of the complaint in the main bankruptcy case rather than as a separate adversary proceeding.  Once notified of the error by the clerk's office, the day after the deadline, the Plaintiff corrected the "defect" within one day.  The initial pleading and the subsequent pleading are identical in all respects.  When the original pleading was filed in the main case, it was filed with the requisite adversary proceeding cover sheet, contained a blank for the adversary case number to be completed, and the filing fee was paid.  The Court can find no prejudice to the Debtors from the two day delay in correctly filing the complaint as an adversary

5

proceeding, where all of the required documents were filed by the deadline. This Court finds that the filing in the main bankruptcy case, prior to the deadline to object, put the Debtors on notice of the Plaintiff's claims, that the claims in the subsequent filing are identical to the claims in the original filing, and that, therefore, the claims in the subsequent filing necessarily arise from the same conduct as the claims found in the initial filing. Based on the foregoing, the Court finds that the filing of the Complaint relates back to the filing date of the original complaint in the main bankruptcy case and, accordingly, was timely filed.

The Motion to Dismiss further alleges that the allegations of fraud contained in the Complaint were pled without any supporting facts and thus fail to meet the requirement that allegations of fraud be pled with particularity as required pursuant to Rule 9(b) of the Federal Rules of Bankruptcy Procedure. The Complaint is based on the State Court Action and the parties are all well aware of the underlying facts and allegations. This Court finds that the fraud alleged in the Complaint, in conjunction with the state court pleadings, is plead with the specificity required to put the Debtors on notice of the Plaintiff's allegations.

Based on the foregoing, this Court finds that the Motion to Dismiss is due to be denied. Therefore, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion to Dismiss is **DENIED**, and it is further,

**ORDERED, ADJUDGED and DECREED** that the adversary proceeding is reset for a status conference on July 16, 2007 at 10:30 A.M.

Dated this the 8th day of June, 2007.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge